**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

NECHOMO ANTON,
315 Kent Road
Bala Cynwyd, PA 19004,

Plaintiff,

v.

BANK OF AMERICA, N.A.,
100 North Tryon Street
Charlotte, NC 28202,

Defendant.

Civil Action No.: 26-5183

**CIVIL ACTION COMPLAINT**
**&**
**DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1.    Plaintiff brings this action for illegal acts and omissions of the above-named defendant, who used false, deceptive, and misleading representations and other unfair or deceptive acts or practices in conjunction with an attempt to collect from her an alleged debt and furnished and failed to correct false credit information and, thereby, violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x (FCRA), and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1-2270.6 (FCEUA), and Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 (UTPCPL).  Plaintiff seeks injunctive and declaratory relief, actual damages, statutory damages, punitive damages, treble damages, costs, and attorney's fees.

## II. JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under FCRA, 15 U.S.C. § 1681p, FCEUA, 73 P.S. § 2270.5(b), and 28 U.S.C. §§ 1331 (federal question) and 1367(a) (supplemental jurisdiction).

3.    Venue is appropriate in this federal district, pursuant to 28 U.S.C. § 1391, because events and omissions giving rise to Plaintiff's claims occurred within this federal judicial district and Defendant resides and/or regularly transacts business within this federal judicial district.

1

### III. PARTIES

4.      Plaintiff is an adult individual residing at the address shown in the caption.

5.      Defendant is a federally chartered bank located at the address shown in the caption.

6.      All said parties were persons within the meaning of UTPCPL, 73 P.S. § 201-2(2).

### IV. OPERATIVE FACTS

7.      Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

8.      On or about February 2, 2026, in settlement of the matters of Bank of America, N.A. v. Nechomo Anton, in the Court of Common Pleas for Montgomery County, Pennsylvania, Docket No. 2024-09955; and Nechomo Anton v. Bank of America, N.A., and Law Offices of Hayt, Hayt & Landau, LLC, in this Honorable Court, Case No. 2:25-cv-02436-WB, Bank of America agreed, inter alia, to forgive any remaining balance on Plaintiff's alleged Bank of America credit account ending in 1867.

9.      Yet, on June 18, 2026, among other times, prior and subsequent, Defendant furnished information to consumer reporting agencies, including Equifax, Experian, and TransUnion.  True and exact copies of said information are attached hereto, incorporated herein, and marked as Exhibits "A," "B," and "C," respectively.

10.     Said information included, inter alia, a balance and amount past due of $5,259.00, which was unchanged as a result of said prior litigation and its said settlement.

11.     Said information failed to communicate that said amounts were even disputed.

12.     On or about July 8, 2026, Plaintiff, and/or her agent, submitted to Equifax, Experian, and TransUnion her dispute, as follows:

2

The balance and amount past due should be $0.  In resolution of the matters of <u>Bank of America, N.A. v. Nechomo Anton</u>, in the Court of Common Pleas for Montgomery County, Pennsylvania, Docket No. 2024-09955; and <u>Nechomo Anton v. Bank of America, N.A. and Law Offices of Hayt, Hayt & Landau, LLC</u>, in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:25-cv-02436-WB, on February 2, 2026, Bank of America "agree[d] to forgive the remaining balance on the Account."

13.    As a result of Plaintiff's said dispute, Defendant merely verified its said furnishing of information.  A true and exact copy of one of said results is attached hereto, incorporated herein, and marked as Exhibit "D."

14.    To the extent that Defendant conducted any such investigation in connection therewith, its purported investigation was not reasonable or prudent under the circumstances.

15.    Said furnishing of information caused, and continues to cause, damage to Plaintiff's credit history.

## V. CLAIMS FOR RELIEF

### COUNT I—VIOLATIONS OF FCRA

16.    Plaintiff  incorporates by reference the foregoing allegations as though more fully set forth herein.

17.    Plaintiff and Defendant were each a person within the meaning of FCRA, 15 U.S.C. § 1681a(b).

18.    Plaintiff was a consumer within the meaning of FCRA, 15 U.S.C. § 1681a(c).

19.    Equifax, Experian, and TransUnion were each a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

20.    Equifax, Experian, and TransUnion were each a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis within the meaning of FCRA, 15 U.S.C. § 1681a(p).

21.     Defendant furnished information relating to Plaintiff to a consumer reporting agency when it knew or had reasonable cause to believe that the information was inaccurate, in violation of FCRA, 15 U.S.C. § 1681s-2(a)(1)(A).

22.     Defendant furnished information relating to Plaintiff to a consumer reporting agency when it was notified by Plaintiff that specific information was inaccurate and said information was, in fact, inaccurate, in violation of FCRA, 15 U.S.C. § 1681s-2(a)(1)(B).

23.     Defendant furnished information relating to Plaintiff to a consumer reporting agency without notice that said information was disputed by Plaintiff, in violation of FCRA, 15 U.S.C. § 1681s-2(a)(3).

24.     Said information furnished by Defendant was negative information within the meaning of FCRA, 15 U.S.C. § 1681s-2(a)(7)(G)(i).

25.     Defendant was a financial institution within the meaning of FCRA, 15 U.S.C. §§ 1681a(t) and 1681s-2(a)(7)(G)(ii).

26.     Defendant failed to reinvestigate based on said direct dispute of Plaintiff, in violation of FCRA, 15 U.S.C. § 1681s-2(a)(8) and 16 C.F.R. § 660.4.

27.     Defendant failed to conduct an investigation with respect to said disputed information upon notice of the dispute from each of said consumer reporting agencies, as required pursuant to FCRA, 15 U.S.C. § 1681s-2(b)(1)(A).

28.     Defendant failed to review all relevant information provided by each consumer reporting agency, as required pursuant to FCRA, 15 U.S.C. § 1681s-2(b)(1)(B).

29.     Defendant willfully failed to comply with any or all of said requirements imposed under FCRA and/or was negligent in failing to comply with any or all of said requirements.

4

COUNT II—VIOLATIONS OF FCEUA

30.    Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

31.    Said alleged obligation was a debt within the meaning of FCEUA, 73 P.S. § 2270.3, namely, an actual or alleged past-due obligation, claim, demand, note, or other similar liability of a consumer to pay money, arising out of a single account as a result of a purchase, lease, or loan of goods, services, or real or personal property for personal, family, or household purposes, or as a result of a loan of money or extension of credit which was obtained primarily for personal, family, or household purposes.

32.    Plaintiff was a consumer within the meaning of FCEUA, 73 P.S. § 2270.3, namely, a natural person residing in the Commonwealth of Pennsylvania who owed or was alleged to owe a debt.

33.    Defendant was a creditor within the meaning of FCEUA, 73 P.S. § 2270.3, namely, a person to whom a debt was owed or alleged to be owed.

34.    Defendant violated FCEUA, 73 P.S. § 2270.4(b)(5), by using false, deceptive, and/or misleading representations and/or means in connection with the collection of a debt; § 2270.4(b)(5)(ii), by falsely representing the character, amount, and/or legal status of a debt; § 2270.4(b)(5)(viii), by communicating credit information which is known or which should have been known to be false, including the failure to communicate that a debt is disputed; and § 2270.4(b)(5)(x), by using a false representation or deceptive means to attempt to collect a debt.

35.    Defendant violated FCEUA, 73 P.S. § 2270.4(b)(6)(i), by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

5

36.    Pursuant to FCEUA, 73 P.S. § 2270.5(a), if a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under FCEUA, it shall constitute a violation of UTPCPL.

### VI. PRAYER FOR RELIEF

36.    WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant, as follows:

(a)    statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1681n(a)(1);

(b)    costs of this action together with a reasonable attorney's fee, pursuant to 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2), and 73 P.S. § 201-9.2(a);

(c)    actual damages, including but not limited to costs and attorney's fees to defend said collection action, pursuant to 15 U.S.C. §§ 1681n(a)(1), 1681o(a)(1), and 73 P.S. § 201-9.2(a);

(d)    punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

(e)    treble damages, pursuant to 73 P.S. § 201-9.2(a);

(f)    a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202,  that Defendant, indeed, furnished and, then, failed to correct false credit information relating to Plaintiff and, thereby, did violate FCRA; and

(g)    an order, accordingly, directing Defendant to forthwith inform all appropriate credit reporting agencies of such corrected and accurate information; and

(h)    such other relief at law or equity as this Court may deem just and proper.

DATED: July 20, 2026

s/ David E. Pearson
David E. Pearson (Pa. ID No. 090945)
6983 Weatham Street
Philadelphia, PA 19119
E-mail: DavidEP137@aol.com
Telephone: (215) 849-1750
Facsimile: (215) 849-1830
Attorney for Plaintiff

## VII. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiff demands a trial by jury against Defendant, for each cause of action so triable.

DATED: July 20, 2026

s/ David E. Pearson
David E. Pearson (Pa. ID No. 090945)
6983 Weatham Street
Philadelphia, PA 19119
E-mail: DavidEP137@aol.com
Telephone: (215) 849-1750
Facsimile: (215) 849-1830
Attorney for Plaintiff
